UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE FRANK HALE,

    Plaintiff,

v.                                                                 Case No. 8:16-cv-647-T-27JSS

DAVID GEE, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants', David Gee, Hillsborough County Sheriff and Naphcare, Inc.'s Motion for Final Summary Judgment (Dkt. 49). The time for *pro se* Plaintiff to respond to the Motion for Summary Judgment has passed and the Motion is deemed unopposed.[1] The Motion for Summary Judgment is **GRANTED**.

## I. INTRODUCTION

Plaintiff asserts claims for damages and declaratory relief against Defendants David Gee, the Sheriff of Hillsborough County, Florida, and Naphcare, Inc.,[2] under 42 U.S.C. §1983, based on alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that on February 2, 2016, he was not treated for severe chest pain because Defendants have a custom or policy not to provide medical treatment to prisoners and detainees at the Hillsborough County Jail (HCJ). Defendants argue that they are entitled to summary judgment because: 1) Plaintiff failed to exhaust administrative remedies prior to filing this action; 2) there is no evidence that Defendants have a custom or

---

[1] By Order dated July 7, 2017 (Dkt. 50), Plaintiff was advised of the requirements of Rule 56, Fed. R. Civ. P. and had until August 7, 2017, to file a response.

[2] Naphcare is a private entity that contracts with Hillsborough County to provide medical services to prisoners and detainees.

policy that was the moving force behind the alleged failure to treat Plaintiff's chest pain; and 3) there is no evidence that medical personnel were deliberately indifferent to Plaintiff's medical needs.

## II. FACTUAL BACKGROUND

On February 2, 2016, Plaintiff was arrested at approximately 11:45 a.m. (Dkt. 17, p. 5). He was taken to HCJ (Id.). While in booking, he was medically evaluated at 12:50 p.m. by Paramedic Dempsey (Dkt. 49-3, p. 31). His vital signs were essentially normal, except his blood pressure was slightly elevated (Id.). Plaintiff was cleared for placement in general housing (Id.). At 2:51 p.m., he was evaluated for a mental health screening (Id.). At 2:53 p.m., he underwent TB screening (Id., p. 32). At 3:05 p.m., he underwent a "Food Service Worker Clearance" evaluation during which his vital signs were normal, except that his blood pressure was slightly elevated (Id.).

At approximately 4:35 p.m., Plaintiff informed medical staff that he "was having excruciating chest pain. . . ." (Dkt. 17, p. 5; Dkt. 49-1, p. 160). An EKG was performed, which was negative (Dkt. 17, p. 5; Dkt. 49-1, pp. 34, 146). Plaintiff was returned to a holding cell (Dkt. 49-1, p. 34).

At approximately 7:28 p.m., an officer observed Plaintiff sleeping in the holding cell (Dkt. 49-1, p. 34). The officer entered the holding cell and saw that Plaintiff was shaking and foaming at the mouth (Id.). Plaintiff was transported on a stretcher to the medical clinic (Id.). While being transported, Plaintiff was able to answer questions and turn his head to "avoid aspirating secretions. . . ." (Id.). At the medical clinic he reported pain on the left side of his chest (Id.). Examination revealed no heart palpitations or murmur (Id.). He had a second EKG at approximately 8:25 p.m., which was negative (Dkt. 49-1, p. 147). He was admitted to the medical clinic for observation and blood work was ordered (Dkt. 49-1, p. 34).

On February 3, 2016, at approximately 11:47 a.m., Plaintiff's vital signs were taken, and he expressed no complaints and showed no signs of distress (Id.). An x-ray was taken of his chest (Id., p. 149).

At approximately 4:16 p.m., Plaintiff's vital signs were taken and were "stable and within normal limit." (Id., p. 33). Plaintiff stated that his chest pain was "resolved." (Id.).

On February 4, 2016, at approximately 10:24 a.m., Plaintiff's vital signs were taken, and he voiced no complaints (Id.). At approximately 12:30 p.m., Plaintiff's vital signs were "stable," he reported that he was "feeling better," and he was released from the medical clinic (Id., pp. 32-33).

On February 3, 2016, Plaintiff submitted a "Health Care Complaint" in which he: (1) complained about the treatment he received on February 2, 2016, after he reported his chest pain; and (2) asserted that he had fallen while attempting to get in his bed in the medical clinic (Id., p. 160). A medical staff member responded to the Complaint on February 4, 2016 (Id.). The Health Care Complaint form indicated, in pertinent part, that "If you are unsatisfied with the response, request a 'Health Care Services Grievance Form' from health services staff (Id.). Plaintiff did not file a grievance regarding the alleged inadequate treatment for his chest pain on February 2, 2016 (Dkt. 49-4, p. 5).

### III. APPLICABLE STANDARD OF REVIEW

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable jury could find for the nonmoving party. *Id.*

## IV. DISCUSSION

### A. Plaintiff failed to exhaust available administrative remedies

Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander*, 159 F.3d at 1326).

4

Administrative remedies, specifically a Health Care Grievance and a Health Care Grievance Appeal, were available, which Plaintiff failed to exhaust before filing this lawsuit (Dkt. 49-4, pp. 7-10). *See Bure v. Miami-Dade Corr. Dep't*, 507 Fed. Appx. 904, 905 (11th Cir.2013) ("To properly exhaust administrative remedies, a prisoner must complete the administrative review process as set forth in the applicable prison grievance process.") (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Accordingly, his claims must be dismissed. *See id.* (citing *Jones v. Bock*, 549 U.S. at 218).

## B. Plaintiff has failed to show deliberate indifference to his medical needs

Even if Plaintiff had exhausted his administrative remedies, his claims would fail on the merits. The Fourteenth Amendment prevents prison personnel from acting or failing to act in a manner that shows a deliberate indifference to a pre-trial detainee's serious medical needs. *Lancaster v. Monroe Cty.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).[3] Establishing a claim for deliberate indifference requires a showing of subjective and objective components. *Goebert*, 510 F.3d at 1326. A plaintiff must show an objectively serious medical need, that the personnel subjectively acted with deliberate indifference to the serious medical need, and that the wrongful conduct caused the injury. *Id.* (citations omitted). To show that personnel were deliberately indifferent to a serious medical need, a plaintiff must prove: (1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence. *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010).

There is no evidence that prison personnel disregarded a risk of serious harm to Plaintiff. When Plaintiff initially reported that he was having chest pain, he was immediately seen by medical personnel, his

---

[3]The Eighth Amendment applies in cases of convicted prisoners. *Goebert v. Lee Cry.*, 510 F.3d 1312, 1326 (11th Cir. 1997). "However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Id.* (citing *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005)). Therefore, case law under both the Eighth and Fourteenth Amendment applies to establish what constitutes deliberate indifference. *Lancaster*, 116 F.3d at 1425.

vital signs were taken, and he was given an EKG.[4] The EKG was negative, and Plaintiff was returned to a holding cell. When a security officer saw Plaintiff (approximately two hours later) lying down and foaming at the mouth in his cell, she immediately contacted medical personnel who removed him on a gurney, transported him to the medical department, checked his vital signs, and administered a second EKG, which was negative. He was admitted to the infirmary for observation for two days, during which lab tests and a chest x-ray were performed. Plaintiff was not discharged from the infirmary until after he indicated that he was no longer having chest pain.

There is no evidence of deliberate indifference to a serious medical condition. Accordingly, since Plaintiff has not provided evidence establishing that prison personnel acted with deliberate indifference to his medical condition, Defendants are entitled to summary judgment.

## C. Plaintiff has failed to show Defendants had a custom or policy that caused a constitutional violation

Even if Plaintiff could show deliberate indifference by prison personnel, he has presented no evidence that Defendants adopted a custom or policy of denying inmates medical care.[5] To impose liability on Defendants, Plaintiff must show that the deprivation of a constitutional right resulted from: "(1) an action taken or policy made by an official responsible for making final policy in that area of the [Sheriff's] business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994).

There is no evidence in this record that a formal policy existed within the Hillsborough County Sheriff's Office or Naphcare, Inc., to deprive prisoners and detainees medical care. Nor is there evidence

---

[4]"An EKG is a graphic representation of the electrical discharge of the heart, . . . a measurement of the heart's electrical system." *Hohenberger v. United States*, 2015 U.S. Dist. LEXIS 143175, at *21 (D. Colo. Oct. 21, 2015).

[5]"A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992).

of a widespread custom or practice of denying medical care, that is, one "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id.*

Accordingly, Defendants', David Gee, Hillsborough County Sheriff and Naphcare, Inc.'s Motion for Final Summary Judgment (Dkt. 49) is **GRANTED**. The **Clerk** is directed to enter judgment in favor of Defendants and close this case.

**DONE AND ORDERED** on September 19th, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: *Pro se* Plaintiff; Counsel of Record